

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 6, 1947

Hon. R. Y. King
Acting County Attorney
Donley County
Clarendon, Texas

Opinion No. V-425

Re: Authority of the
Commissioners' Court
of Donley County to
call a reallocation
election which would
affect taxes for the
current year.

Dear Mr. King:

Your request for an opinion of this Department relating to a reallocation election is substantially as follows:

"The commissioners' court of Donley County have passed an order calling for an election for the purpose of obtaining authority from the people to re-allocate the county funds as provided by Art. 8, section 9, of the constitution. A question arose among the court as to whether or not a re-allocation could be made at this time that would affect the taxes for the current year.

"Donley County had heretofore at an election held for that purpose authorized an extra 15¢ road tax, thereby giving the court authority to levy a total of 95¢ per One Hundred Dollars valuation.

"On August 18th, 1947, the commissioners' court adopted a budget and at the same time fixed the rate at 95¢ on the One Hundred Dollars valuation in conformity with said budget.

"Question. Can the Commissioners' Court at this time re-allocate the county funds by getting a favorable vote of the people, after the county tax rate has been set and the budget has been adopted for the year?"

Section 9 of Article VIII of the Constitution of Texas, as amended, reads in part as follows:

". . . that the Commissioners Court in any county may re-allocate the foregoing county taxes by changing the rates provided for any of the foregoing purposes by either increasing or decreasing the same, but in no event shall the total of said foregoing county taxes exceed eighty (80) cents on the one hundred dollars valuation, in any one year; provided further, that before the said Commissioners Court may make such re-allocations and changes in said county taxes that the same shall be submitted to the qualified property tax paying voters of such county at a general or special election, and shall be approved by a majority of the qualified property tax paying voters, voting in such election;. . ."

Article 7045, V.C.S., provides that the Commissioners' Court may, at any time after the tax assessor has forwarded his certificate to the Comptroller and prior to the time when the tax collector of such county shall have begun to make out his receipts, calculate the rate and adjust the taxes in the county. Also see Article 2354, V.C.S.

Article 7255, V.C.S., provides that each tax collector shall begin the collection of taxes annually on the first day of October or as soon thereafter as he may be able to obtain the proper assessment rolls upon which to proceed.

The tax rate for the current year became effective on August 18, 1947. After the collector began his collection of taxes on October 1st or as soon thereafter as he was able to obtain the assessment rolls, the receipts issued by the collector became binding on the county. Since your election will be held after the collection of taxes begins, the tax rate may not be changed for 1947.

In answer to your question, it is the opinion of this Department that Donley County may hold a reallocation election at this time, but any change voted in the tax rate would not be effective until the year 1948 and would not affect taxes for the current year. Moreover,

since the tax rate could not be utilized in 1947, it might be advisable to hold the same in 1948.

### SUMMARY

A reallocation election to be held in Donley County after the collection of taxes has begun and pursuant to Section 9, Article VIII, of the Constitution of Texas, would not affect the current taxes for 1947 even though a favorable vote is obtained.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *[signature]*

Burnell Waldrep
Assistant

BW:djm

APPROVED:

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL